## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD A. REYNOLDS,** | ) | **CASE NO.  1:06CV1241** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **CARLOS GUERRA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon consideration of the parties'
contemporaneous briefs regarding dismissal of the Plaintiff's Complaint.  For the reasons that
follow, the above-captioned case is dismissed without prejudice.

### I. BACKGROUND

Plaintiff, Ronald A. Reynolds, originally filed his Complaint in Cuyahoga County
Common Pleas Court, claiming civil rights violations for the alleged use of excessive force
and denial of medical care by City of Cleveland institutional guards, arising out of the events
of January 23, 2006.  Defendants, Carlos Guerra and Brian Taylor, removed the matter to the
United States District Court on May 18, 2006.  On February 16, 2006, Plaintiff was indicted
by the Cuyahoga County Grand Jury on felony charges for assaulting an institutional guard,
arising out of the same events of January 23, 2006.  (Case No. CR-06-476647)

The Court has before it Defendants' Motion to Stay Proceedings until the completion
of the state criminal prosecution.  Moreover, the Court has learned that Plaintiff Reynolds was
found incompetent to stand trial, but restorable, pursuant to Ohio Revised Code Section

2945.371. On September 6, 2006, the Cuyahoga County Common Pleas Court entered the

findings of  Dr. Galit A. Dori, determining that Reynolds is incapable of understanding the

nature and objective of the proceedings against him or of assisting in his defense; that he

presently is mentally ill or mentally retarded; and recommending the least restrictive

treatment alternative, Northcoast Behavioral Healthcare, consistent with Reynolds' treatment

needs for restoration to competency and with the safety of the community.  Ohio Revised

Code Section 2945.371(G)(3)((d).

        Pursuant to this Court's Show Cause Order, the parties filed their respective briefs on

January 19, 2007, regarding whether the within case should be dismissed without prejudice,

due to Plaintiff's incompetency to understand the nature of these proceedings and/or to assist

his counsel in prosecuting his civil rights claim.

        To date, Plaintiff has not been declared restored, and has not stood trial on the felony

assault charges against him.  According to Plaintiff's counsel's affidavit, Plaintiff is

scheduled to be tested for competency on March 6, 2007, and has retained counsel with the

intent to "take Mr. Reynolds [sic] defense to trial if necessary."

## II. ANALYSIS

        At the outset, the Court notes that this federal civil rights action is the mirror opposite

of the criminal matter pending in Cuyahoga County Common Pleas Court.  Both arise out of

the same set of operative facts and involve the same parties and witnesses.

        Plaintiff presses the position that the competency evaluation in state court was

unreliable; and that newly-retained defense counsel will zealously pursue the opportunity to

proceed to trial.  Counsel's affidavit also recites the opinion of a social worker that Plaintiff

"is doing very well in the treatment program and has a very good chance of passing the competency test." Unfortunately, neither the social worker nor Plaintiff's counsel is qualified to opine on Plaintiff's competency or to render a psychological evaluation.

If, indeed, Plaintiff is restored to competency in the next few months, and the criminal trial goes forward in a timely manner, Plaintiff's defense counsel will undoubtedly advise his client to assert his Fifth Amendment right against self-incrimination. To expect any less from a criminal defense attorney would be inviting malpractice. Therefore, if the federal action proceeded and Plaintiff appropriately asserted his Fifth Amendment protections, fact discovery here would necessarily be hindered. In effect, an indefinite stay would be imposed in any event.

### III. CONCLUSION

Upon careful consideration of the facts and circumstances, and in accordance with the applicable law, Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: January 26, 2007**


 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**